The very language of the non-claim statute makes it applicable to "all claims against the estate of a decedent." Code 1975, §43-2-350. In Yniestra v. Tarleton, 67 Ala. 126, 129 (1880), the Court, in construing a forerunner to § 43-2-350, stated: "`All claims' is a phrase clear and comprehensive, and must be construed to mean just what the words import." Exceptions to the non-claim statute, however, have been recognized. Two exceptions involve contingent claims and claims of title against the estate.Duval's Heirs v. McLoskey, 1 Ala. 708 (1840). The latter exception, as noted by the majority, is for the reason that claims of title are not "claims against the estate of the decedent"; thus, that exception is, technically, not an exception at all. My difference with the majority arises from its determination that the present action is an equitable action seeking title to realty. It is my view that the present action is a contract action and as such falls squarely within the non-claim statute. McDowell v. Jones, 58 Ala. 25 (1877). There is no question that title to the property at issue is in Michael Wadsworth, the son of the deceased. Title is in the devisee under the will even though it was subject to being divested had the personal property been insufficient to satisfy the debts of the deceased. Code 1975, § 43-2-441. Appellees' claim was not based on title, which was clearly in Michael Wadsworth; rather, appellees' claim was based on the inchoate promise of the deceased to convey the property in question.
The fact that appellees seek specific performance of the contract, an equitable remedy, does not convert the action into a claim of title. The mode or manner of payment for services rendered to the deceased does not change the nature of the action. If, in return for services provided by appellees, the deceased had executed a promissory note, there is no doubt that appellees' action would be considered a contract action within the non-claim statute. The fact that, because of the unique nature of property, appellees have available to them the remedy of specific performance, should not change the nature of the claim.
I agree with the principle of law stated by the majority that the non-claim statute does not apply to claims of title against the estate. I do not believe, however, that the principal exception is applicable in this case.
ALMON and BEATTY, JJ., concur. *Page 1190